UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

IN THE MATTER OF:

PATRICIA PERRY,

      Debtor.

_____/

STUART A. GOLD, Trustee,

      Plaintiff

v.

JACQUELINE ARD,

      Defendant.

_____/

Chapter 7
Case No. 26-41320-MAR
Hon. Mark A. Randon

Adversary Proceeding
No. 26-04106-MAR

## ANSWER TO COUNTERCLAIM

Stuart A. Gold, the Chapter 7 Trustee of the bankruptcy estate of Patricia Perry, by his counsel Sandra O'Connor Law, PLLC, and for his Answer to Counterclaim states:

1.    No response is required.

2.    Neither admits nor denies same for lack of sufficient information upon which to form a belief.

3.    Neither admits nor denies same for lack of sufficient information upon which to form a belief.

4. Neither admits nor denies same for lack of sufficient information upon which to form a belief.

5. Neither admits nor denies same for lack of sufficient information upon which to form a belief.

6. Neither admits nor denies same for lack of sufficient information upon which to form a belief.

7. Neither admits nor denies same for lack of sufficient information upon which to form a belief.

8. Neither admits nor denies same for lack of sufficient information upon which to form a belief.

9. Neither admits nor denies same for lack of sufficient information upon which to form a belief.

**Count I**
**(Equitable Lien)**

10. No response is required.

11. Neither admits nor denies same for lack of sufficient information upon which to form a belief.

12. Denies. There is no legal basis for the Court to impose an equitable lien. A bankruptcy court's equitable powers can only be exercised within the confines of the Bankruptcy Code. See XL/Datacomp v. Wilson (In re Omegas Group), 16 F.3d 1443, 1452-1453 (6th Cir.

2

1994).  There is no statutory authority for imposition of a common law equitable lien in the Bankruptcy Code.  Furthermore, this is not actually a proper counterclaim, it is a defense to the relief sought by Plaintiff and is Defendant's First Affirmative Defense.  (See Answer at 6.)

**Count II**
**(Unjust Enrichment)**

13.  No response is required.

14.  Denies.  Furthermore, this is not actually a proper counterclaim, it is a defense to the relief sought by Plaintiff and is Defendant's Second Affirmative Defense.  (See Answer at 7.)  The Bankruptcy Code does not provide for an independent cause of action by a Defendant against the Trustee for restitution.

**Count III**
**(Constructive Trust/Alternative Equitable Relief)**

15.  No response is required.

16.  Neither admits nor denies same for lack of sufficient information upon which to form a belief.

17.  Neither admits nor denies same for lack of sufficient information upon which to form a belief.  Furthermore, XL/Datacomp v. Wilson (In re Omegas Group) expressly prohibits the imposition of constructive

3

trusts or equitable relief by bankruptcy courts outside the confines of the Bankruptcy Code.  Id.

**Count IV**
**(Recovery from Sale Proceeds and Fair Value Protection)**

18.  No response is required.

19.  Admits that Defendant asserts those rights.  Denies that the Defendant is entitled to the relief requested.

20.  Neither admits nor denies same for lack of sufficient information upon which to form a belief.

21.  No response is required.  This paragraph is irrelevant to the relief sought in this adversary proceeding.

22.  Admits that the Property's value would be less than a fully rehabilitated multi-unit property if the Property is not fully rehabilitated.  Neither admits nor denies same for lack of sufficient information upon which to form a belief with respect to the Defendant's claims regarding improvements and expenditures.  Denies that the Debtor is entitled to an equitable lien or reimbursement for the reasons stated in paragraphs 12., 14., and 17., *supra*.  Furthermore, this is not actually a proper counterclaim, it is a defense to the relief sought by Plaintiff

**Count V**
**(Occupancy Rights, Possession, Preservation of Personal Property,**
**and Lawful Transition)**

4

23. Denies that Defendant resides at the Property. Admits that Defendant maintains physical possession of the Property. Neither admits nor denies same for lack of sufficient information upon which to form a belief with respect to occupancy of the Property.

24. Neither admits nor denies same for lack of sufficient information upon which to form a belief.

25. Denies. The Bankruptcy Code is federal law and, as such, preempts state law under the Supremacy Clause of the United States Constitution. See In re Adomah, 340 B.R. 453, 458 (Bankr. S.D.N.Y. 2006). Michigan state law eviction proceedings do not apply to this case. The Plaintiff seeks avoidance and recovery of the transfer of the Property, which would result in the Property being property of the estate under 11 U.S.C. § 541(a)(3). 11 U.S.C. §§ 362(a)(3), (4) & (5) prohibit an entity from exercising control over property of the estate. 11 U.S.C. § 542(a) is the operative statute for recovery of property by the Trustee. These statutes preempt any state laws regarding eviction.

26. Denies to the extent that the Defendant relies upon state law or to the extent that the Bankruptcy Code, or a Court order or judgment, provides otherwise. Plaintiff specifically notes that the Plaintiff may change the locks and lock out the Defendant if authorized by the Court or the

Bankruptcy Code. Plaintiff also notes that the Plaintiff is entitled to destroy, dispose, or sell any personal property remaining in the Property that is not removed by Defendant prior to turnover.

27. Admits that Defendant requests time to access and remove personal property. Plaintiff asserts that fourteen (14) days would be reasonable.

28. Neither admits nor denies same for lack of sufficient information upon which to form a belief.

29. Neither admits nor denies same for lack of sufficient information upon which to form a belief. However, Plaintiff notes that it would be appropriate to provide fourteen (14) days for Defendant to remove her personal property and relocate.

30. Admits that Defendant requests transition time and relies on the prior paragraphs regarding an appropriate amount of time. Plaintiff asserts that this Count is not actually a proper counterclaim, it is a request for how to impose a judgment if Plaintiff prevails in this adversary proceeding.

## Count VI
**(Declaratory Relief Regarding Survival of Contractual and Equitable Rights After Avoidance)**

31. No response is required.

32. Neither admits nor denies same for lack of sufficient information upon which to form a belief with respect to the existence of an agreement. If such an agreement existed, it would be unenforceable due to the statute of frauds. M.C.L. § 566.106.

33. Neither admits nor denies same for lack of sufficient information upon which to form a belief with respect to the factual information asserted. Denies that such an agreement would be enforceable due to the statute of frauds.

34. Denies based upon the statute of frauds and because any such agreement would have been an executory contract under 11 U.S.C. § 365(a) and deemed rejected in this case under 11 U.S.C. § 365(d)(1).

35. Denies.

## Count VII
### (Statutory Improvement Lien Under 11 U.S.C. § 550(e))

36. No response is required.

37. Admits.

38. Admits that 11 U.S.C. § 550(e) applies if Defendant is a good faith transferee. Denies that Defendant is a good faith transferee.

39. Admits that most of the statutory language cited is roughly accurate. However, 11 U.S.C. § 550(e)(1)(A) is limited to the cost *to such transferee* of any improvement made after the transfer.

7

40. Admits that the debtor executed and delivered a quitclaim deed to Defendant dated May 31, 2019. Neither admits nor denies same for lack of sufficient information upon which to form a belief with respect to the remaining allegations set forth in this paragraph.

41. Neither admits nor denies same for lack of sufficient information upon which to form a belief.

42. Neither admits nor denies same for lack of sufficient information upon which to form a belief. Plaintiff notes that the beliefs of a transferee do not obviate the requirement to adhere to statutory requirements for a transfer to not be voidable by a bona fide purchaser.

43. Neither admits nor denies same for lack of sufficient information upon which to form a belief.

44. Neither admits nor denies same for lack of sufficient information upon which to form a belief.

45. Neither admits nor denies same for lack of sufficient information upon which to form a belief.

46. Neither admits nor denies same for lack of sufficient information upon which to form a belief.

47. Neither admits nor denies same for lack of sufficient information upon which to form a belief.

48. Neither admits nor denies same for lack of sufficient information upon which to form a belief.

49. Neither admits nor denies same for lack of sufficient information upon which to form a belief.

50. Neither admits nor denies same for lack of sufficient information upon which to form a belief.

51. Denies. If the Defendant were to be entitled to a lien under 11 U.S.C. § 550(e), the Property could be avoided and recovered subject to the lien.

52. Denies. If the Defendant were to be entitled to a lien under 11 U.S.C. § 550(e), the Property could be avoided and recovered subject to the lien.

53. Denies. If the Defendant were to be entitled to a lien under 11 U.S.C. § 550(e), then the Plaintiff would be required to recognize that lien. If Defendant is not entitled to a lien under 11 U.S.C. § 550(e), then there would be no impermissible windfall under the Bankruptcy Code.

54. Neither admits nor denies same for lack of sufficient information upon which to form a belief with respect to the condition of the Property. Denies to the extent that the Defendant contends that any potential lien

9

under 11 U.S.C. § 550(e) should be calculated in any manner other than that prescribed by the text of the statute.

55. Admits that the Defendant requests the Court make such determinations. However, the Plaintiff contends that there is a threshold issue of whether the Defendant is a good faith transferee that would need to be met before the imposition of any lien under 11 U.S.C. § 550(e).

56. Admits that the Defendant requests what she states that she requests. Plaintiff states that this count is not a proper counterclaim, it is a defense to Plaintiff's complaint which is already alleged in Defendant's Eighth Affirmative Defense. (Answer at 10-11.)

Respectfully submitted,

SANDRA O'CONNOR LAW, PLLC

Dated: May 11, 2026

/s/ Sandra L. O'Connor
SANDRA L. O'CONNOR (P70984)
Attorney for Plaintiff
100 N. Pond Dr. Suite A
Walled Lake, MI 48390
(248) 817-6669
sandra@sandraoconnorlaw.com