UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

IN THE MATTER OF:

PATRICIA PERRY,                                    Chapter 7
                                                   Case No. 26-41320-MAR
      Debtor.                                   Hon. Mark A. Randon

_____/

STUART A. GOLD, Trustee,

      Plaintiff

v.                                                 Adversary Proceeding
                                                   No. 26-04106-MAR

JACQUELINE ARD,

      Defendant.

_____/

### REPORT OF PARTIES' RULE 26(f) CONFERENCE

Pursuant to Fed. R. Bankr. P. 7026 and Fed. R. Civ. P. 26(f), a conference was held by e-mail and was participated in by:

Sandra L. O'Connor, for Plaintiff.

Jacqueline Ard, pro se Defendant.

This is submitted as the required report of that conference.

(1)    Initial Disclosures required by Fed. R. Civ. P. 26(a)(1)

      [X]    The parties will provide such by June 15, 2026;
      [  ]    The parties agree to provide the following at the times indicated:
      [  ]    The parties agree to waive the requirements of initial disclosures.

(2)     <u>Discovery Plan.</u>   The parties jointly propose to the Court the following discovery plan in conformance with Fed. R. Civ. P. 26(f)(3):

(a)     The parties dispute the scope of discovery in this case (see (5)(a) below).

(b)     The parties dispute the timeline for discovery in this case (see 5(b) below).

(c)     Maximum of twenty-five (25) interrogatories by each party to any other party. [Responses due thirty (30) days after service.]

(d)     Maximum of twenty-five (25) requests for admission by each party to any other party. [Responses due thirty (30) days after service.]

(e)     Maximum of seven (7) depositions by plaintiff and seven (7) by defendant.

(f)     Each deposition limited to maximum of seven (7) hours pursuant to Fed. R. Civ. P. 30(d)(1), as incorporated by Fed. R. Bankr. P. 7030, unless otherwise agreed.

(g)     Reports from retained experts under Fed. R. Civ. P. 26(a)(2) due:

October 15, 2026

(h)     Supplementation under Fed. R. Civ. P. 26(e) due in a timely manner as required by Fed. R. Civ. P. 26(e)(1)(A).

(i)     Discovery of electronically stored information:

(i)     This adversary proceeding may involve electronically stored information, including emails, electronic financial records, electronic communications, inspection records, photographs, repair documentation, utility records, and electronically stored municipal compliance records.

(ii) The parties agree to preserve relevant electronically stored information reasonably related to claims and defenses asserted in this proceeding.

(iii) Pursuant to E.D. Mich. LBR 7026-4, the Model Order Relating to the Discovery of Electronically Stored Information approved by the District Court will not apply.

(3) <u>Other Agreed Upon Items</u>.

(a) The proceeding will be ready for trial by February 15, 2027. The trial is expected to take approximately one (1) trial day.

(b) <u>Jury Trial Matters:</u>

(i) [X] a jury trial was <u>not</u> timely demanded and <u>is</u> waived; or

[ ] a jury trial was timely demanded, but is waived; or

[ ] a jury trial was timely demanded but not waived.

(ii) [ ] the parties consent to the Bankruptcy Court conducting the jury trial; or

[ ] the parties do not at this time consent to the Bankruptcy Court conducting the jury trial.

(c) The parties agree that:

[X] This is a core proceeding,

[ ] This is a non-core proceeding otherwise related to the bankruptcy case.

(e) The parties dispute whether the Bankruptcy Court may enter a final order or judgment in this proceeding (see (5)(c) below).

(4) <u>Other matters</u>.

    (a)    Defendant states:

        Defendant is appearing pro se and requests that deadlines, obligations, and any discovery limitations be clearly stated in the Court's scheduling order. Defendant further notes that if turnover or transfer of possession becomes an active issue, additional case-management provisions may be needed concerning occupancy, personal property, and reasonable transition logistics.

    (b)    Plaintiff states:

        Plaintiff has concerns about the Defendant's pro se status in this particular case. Plaintiff is specifically concerned about the Defendant's use of artificial intelligence ("AI") as a substitute for an attorney in this case. Plaintiff requests that the Court caution Defendant about the use of AI due to its shortcomings that may not be apparent to a layperson. Specifically, AI is known for hallucinating case law (including creating fake cases, misleading citations, or citing cases that don't stand for the proposition stated). Additionally, most AI chatbots are designed to be agreeable with the user and cannot be relied upon to provide neutral advice.

        Plaintiff is concerned about the extraordinary inefficiencies that will be created by AI in this case. In response to Plaintiff's initial complaint, which was 3 pages and 12 paragraphs, the Defendant filed a 236 page document with the Court. If appendices and exhibits are excluded, then the answer, affirmative defenses and counterclaims are 34 pages. Defendant has claimed 14 affirmative defenses in this case. Plaintiff believes that it is necessary to have a schedule that requires an early motion for summary judgment by the Plaintiff to narrow the issues in this case to those that have merit.

        Defendant respectfully objects to the inclusion of commentary concerning Defendant's use of artificial intelligence ("AI"), as such matters are unrelated to the purpose of Rule 26(f), which is limited to discovery

planning and case-management issues. Defendant is aware of the limitations associated with AI and remains solely responsible for all pleadings, factual assertions, legal authorities, and filings submitted to the Court. Plaintiff identifies no fabricated authority, inaccurate citation, or false factual assertion in any filing submitted by Defendant. Further, the inclusion of detailed factual allegations, exhibits, and supporting documentation was not the result of inefficiency, but rather reflected the substantial volume of evidence necessary to document Defendant's asserted acquisition funding, preservation efforts, taxes, utilities, rehabilitation expenditures, occupancy, and financial contributions relating to the Property that Plaintiff seeks to recover. The existence of extensive evidence supporting Defendant's claims and defenses should not be characterized as improper or excessive. To the extent Plaintiff requests any Court-imposed limitation regarding the use of technology-assisted research or drafting tools, Defendant respectfully submits that any such limitation would need to apply equally to all parties, counsel, agents, consultants, and representatives in order to preserve fairness and avoid unequal litigation standards. Accordingly, Defendant respectfully submits that Plaintiff's commentary regarding AI use is unsupported by any identified deficiency in Defendant's filings, is unrelated to the purposes of Rule 26(f), and should not be considered in determining scheduling, discovery, or case-management matters.

(5)     <u>Matters not agreed upon or insufficiently addressed by the foregoing</u>.

(a)     The parties dispute the scope of discovery in this case.

It is the Plaintiff's position that discovery may be needed on the following subjects: (i) whether Defendant is a good faith purchaser within the meaning of 11 U.S.C. § 550(e)(1), and (ii) if Defendant is a good faith purchaser within the meaning of 11 U.S.C. § 550(e)(1), then the value of the lien.

It is the Defendant's position that Discovery may be needed on the following subjects, including but not limited to: (i) whether Defendant qualifies as a good faith transferee under 11 U.S.C. § 550(e); (ii) the amount, nature, and traceability of Defendant's acquisition funding, taxes, utilities, repairs, improvements, preservation expenditures, and rehabilitation costs; (iii) Defendant's asserted equitable lien, reimbursement, restitution, recoupment, setoff, possessory, occupancy, and personal property rights; (iv) the extent to which recovery under 11 U.S.C. § 550(a) would provide a meaningful net benefit to unsecured creditors of the estate; (v) the actual present condition, municipal compliance status, and fair market value of the Property; (vi) the extent and disposition of Defendant's personal property located at the Property; (vii) the scope of any proposed turnover, possession transfer, eviction, or removal procedures; (viii) any appraisal, liquidation analysis, or valuation evidence relied upon by Plaintiff; (ix) the applicability and extent of any statutory improvement lien under 11 U.S.C. § 550(e); (x) any communications or evidence regarding the trustee's intended disposition, possession, sale, or administration of the Property.

(b)     The parties dispute the timeline for discovery and dispositive motions in this case.

   (i)     The Plaintiff proposes that:

   Plaintiff must file an initial motion for summary judgment[1] by July 1, 2026.

   Discovery shall not commence until after the Court rules upon the initial motion for summary judgment). Any discovery served prior to that date shall be deemed stricken and no response or compliance shall be required.

   Discovery shall be commenced, after the ruling on the motion for summary judgment, in time to be completed by November 30, 2026.

---

[1] The motion may be a full or partial motion for summary judgment.

(ii)    The Defendant proposes that:

Discovery may commence immediately after entry of the Court's scheduling order and shall be completed by November 30, 2026. The parties do not agree that discovery should be stayed pending disposition of any motion for summary judgment. Either party may serve written discovery and schedule depositions in the ordinary course, subject to the Federal Rules of Civil Procedure, the Federal Rules of Bankruptcy Procedure, and further order of the Court.

Dispositive motions shall not be filed until substantial completion of fact discovery unless otherwise ordered by the Court.

Initial dispositive motions may be filed after September 30, 2026.

(c)    With respect to the Bankruptcy Court entering a final order or judgment in this case, the parties' positions are as follows:

(i)    Plaintiff consents to the Bankruptcy Court entering a final order or judgment in this proceeding.

(ii)    Defendant states that: Defendant reserves all rights concerning constitutional authority, entry of final orders, and appellate review.

(d)    Defendant requests that the following statement be included in this section:

Defendant does not agree that the issues in this adversary proceeding are limited solely to 11 U.S.C. § 550(e) and the value of any resulting lien. Defendant contends that the pleadings raise additional issues, including equitable lien, reimbursement, restitution, unjust enrichment, limitation of estate recovery under 11 U.S.C. § 541(d), and occupancy, possession, personal property, and transition-related issues if turnover is ordered.

Defendant contends that disputed issues also include: (a) equitable lien rights; (b) reimbursement and restitution rights; (c) setoff and recoupment; (d) benefit to the estate under 11 U.S.C.

§ 550(a); (e) valuation disputes; (f) municipal compliance and occupancy limitations; (g) possessory and occupancy rights; (h) preservation and removal of personal property; (i) transition procedures in the event of turnover or transfer of possession.

Agreed:

SANDRA O'CONNOR LAW,
PLLC

/s/ Sandra L. O'Connor
Sandra L. O'Connor
Attorney for Plaintiff
100 N. Pond Drive, Suite A
Walled Lake, MI 48390
(248) 817-6669
sandra@sandraoconnorlaw.com
(P70984)

Jacqueline Ard
Pro Se Defendant
15826 Appoline Street
Detroit, MI 48227